IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

DAVID GAMBINO,

        Petitioner,

v.                              Civil Action No. 5:20cv43
                                (Judge Bailey)

WARDEN OF FCI GILMER,

        Respondent.

## REPORT AND RECOMMENDATION

### I.    BACKGROUND

On March 3, 2020, the *pro se* petitioner, David Gambino, filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, together with a Motion for Leave to Proceed *in forma pauperis* and a Prisoner Trust Account Report. On March 5, 2020, the petitioner was granted leave to proceed *in forma pauperis*. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of a proposed disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

### II.    PETITION

The petitioner raises four grounds in support of his § 2241 petition. In summary the petitioner, referring to unnamed defendants, alleges that they created a system which is blocking his access to the court. More specifically he alleges that they are denying him indigent mail access and are thwarting his attempts to exhaust administrative grievances.[1]  For relief, the petitioner requests that this Court "order the

---

[1] The petitioner currently has four Bivens actions pending. One in the Western District of New York, one in the District of New Jersey, and two in the District of Maryland. It appears that the petitioner's chief complaint in his pending § 2241 is that

1

Defendants to report to the Courts monthly with, if any, any, postage, copies, legal supplies provded  to plaintiff, and an ongoing ledger of my requests and [their] responses to end 7 month delays in responses.  Allow Plaintiff to Update/Notice the Court monthly with progress reports to make sure Defendants are not delaying process to injure open federal questions." ECF No. 1 at p. 8.

### III.   LEGAL STANDARDS

#### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts

---

the BOP's alleged refusal to provide him access to indigent mail and alleged interference with the administrative grievance process is undermining his ability to prosecute  those cases.

2

which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

## IV.   ANALYSIS

A section 2241 petition is used to attack the way the sentence is executed.  *See* 28 U.S.C. § 2241.  In a 2241 petition, a prisoner may seek relief from his parole, computation of` his sentence or disciplinary actions taken against him involving the loss of good conduct time. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." Glaus v. Anderson, 408 F.3d 382, 286 (7th Cir. 2005). Also, worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or speedier release from active confinement." See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). On the other hand, a Bivens action is used to hold federal officers "individually liable for constitutional violations." Starr v. Baca, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a Bivens action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. See Bivens, 403 U.S. at 392-94. Further, "[a]lthough 'more limited in some respects,' a Bivens action is a federal analog to an action against state or local officials under  § 1983." Id. (quoting Hartman v. Moore, 547 U.S. 25, 254 n.2 (2006)).  See Preiser, 411 U.S. at 499 ("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody.").

Here, the petitioner complains about the conditions of his confinement. Specifically, his claims relate to alleged interference with his access to the Courts. This claim is not an attack on, nor is it related in any way to, the execution of his sentence. It does contest the fact or duration of his confinement, and success on the merits would not result in immediate or speedier release from his confinement with the BOP. Thus, the petitioner's claims should have been raised pursuant to a civil rights complaint. <u>Preiser</u> at 499-500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life).  See also <u>Lee v. Winston</u>, 717 F.2d 888 (4th Cir. 1983). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

### V.    RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that this § 2241 petition [ECF No.1] be **DENIED and DISMISSED** without prejudice to the petitioner's right to file his claims in a civil rights action. In addition, the undersigned recommends that his Motion [ECF No.6] which requests that all documents that he files with the Court be provided to the respondents by the Court be **DENIED AS MOOT**.

The petitioner shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits,

4

unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation, **together with a Bivens packet** to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 25, 2020.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE