# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**DAVID GAMBINO,**

    Petitioner,

v.

                              **CIVIL ACTION NO. 5:20-CV-43**
                              **(BAILEY)**

**R. HUDGINS, Warden**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 8]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on March 25, 2020, wherein he recommends the § 2241 petition be dismissed without prejudice to his right to file a **Bivens** action.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket reflects service was accepted on March 30, 2020 [Doc. 10]. Petitioner timely filed his objections on April 7, 2020 [Doc. 11]. Accordingly, the portions of the R&R to which objections were filed will be reviewed under a *de novo* standard of review; the remaining portions will be reviewed for clear error.

Petitioner's Objections [Doc. 11] mainly take issue with the R&R's overall recommendation, and argues that it should not be adopted because he believes he will not be awarded any relief through the proper channels, which is to file a claim pursuant to **Bivens**. Petitioner lodges three specific objections: (1) that a copy of the R&R should not be sent to the undersigned judge, (2) that circumstances have changed because petitioner has filed a motion pursuant to the First Step Act, and (3) that the R&R denies equal access under the Administrative Procedures Act. For the reasons that follow, the Objections are **OVERRULED**.

First, petitioner appears to request that the R&R not be sent to the undersigned judge because he does not agree with the magistrate judge's recommendation. This Court has received the R&R and agrees with the recommendation that the petition is not properly brought under § 2241. Accordingly, the objection is overruled.

Second, the fact that petitioner has since filed a motion pursuant to the First Step Act does not change the nature of his petition. Petitioner refers to his motion for

2

compassionate relief [Doc. 9] filed after the R&R.  Therein, he seeks release from incarceration in light of the COVID-19 pandemic and his assertion that he suffers from asthma.

Upon consideration, petitioner's Motion must be denied.  It is clear that petitioner is unable to proceed in pursuit of his request for compassionate release in this Court, as courts in this Circuit and elsewhere have consistently found that such a request must instead be brought in the sentencing court.  *See, e.g.*, ***Robinson v. Wilson***, 2017 WL 5586981, at *5 (S.D. W.Va. Sept. 26, 2017) (Eifert, M.J.) ("Like a § 2255 motion, a § 3582 motion must be filed in the movant's underlying criminal action and be addressed by the sentencing court."), *report and recommendation adopted*, 2017 WL 5586272 (S.D. W.Va. Nov. 20, 2017) (Faber, J.); ***Deffenbaugh v. Sullivan***, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) (Flanagan, J.) ("If petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court."); ***Allah v. Fed. Bureau of Prisons Dir.***, 2016 WL 5868093, at *4 (D.S.C. Sept. 12, 2016) (Marchant, M.J.) (same) (collecting cases), *report and recommendation adopted*, 2016 WL 5851936 (D.S.C. Oct. 6, 2016) (Hendricks, J.); ***Himmel v. Upton***, 2019 WL 1112923, at *2 n.6 (N.D. Tex. Mar. 11, 2019) ("[A]ny motion for compassionate release under the newly amended provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court."); ***Braswell v. Gallegos***, 82 F. App'x 633, 635 (10th Cir. 2003) ("Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence.").

Thus, as petitioner was sentenced in the Western District of New York (1:09-CR-

372), this Court does not have jurisdiction over petitioner's Motion. Accordingly, petitioner's Motion is denied.

Third, the petitioner objects that the R&R's recommendation refuses him access to equal protection under the Administrative Procedures Act. This is simply not the case, as the petitioner is free to properly file a ***Bivens*** action. As the R&R correctly notes, § 2241 petitions may be filed to attack the fact or length of a petitioner's confinement, but generally not the conditions of that confinement. *See **Preiser v. Rodgriguez***, 411 U.S. 475, 499, 93 S.Ct. 1827, 36 (1973). The Supreme Court has further held that a habeas petition is appropriate when "success in [the] action would necessarily demonstrate the invalidity of confinement or its duration." ***Wilkinson v. Dotson***, 544 U.S. 74, 82 125 S.Ct. 1241 (2005). In the instant matter, success for this petitioner will not result in a speedier release. His challenge is to alleged interference with his access to the courts. Therefore, his challenge is to the conditions of confinement, not the fact or length of confinement. Accordingly, his objection is overruled.

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 8]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's § 2241 petition **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT PREJUDICE** to his right to file a ***Bivens*** complaint. The Motion **[Doc. 6]**, which requests all copies of filings be sent to the respondents is **DENIED AS MOOT**. The Motion **[Doc. 9]** for release under the First Step Act is **DENIED**. The Clerk is **DIRECTED** to **STRIKE** this case from the active docket of this Court and to enter judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 8, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE